THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DARRELL JOHN WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:21-CV-180-RJS<br><br>Chief District Judge Robert J. Shelby |

Plaintiff, Darrell John Williamson, a Utah state inmate, filed this *pro se* civil-rights

action, *see* 42 U.S.C.S. § 1983 (2023), proceeding *in forma pauperis*, 28 *id.* § 1915. (ECF Nos.

4, 5.) The Court deemed Plaintiff's Complaint deficient and required him to cure those

deficiencies in an amended complaint. (ECF Nos. 5, 15.)

Plaintiff responded by filing an Amended Complaint (AC), (ECF No. 16), which is now

before the Court for screening, under 28 U.S.C.S. § 1915A (2023), reading in pertinent part:

> The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental
> entity or officer or employee of a governmental entity. . . . On
> review, the court shall identify cognizable claims or dismiss the
> complaint, or any portion of the complaint, if the complaint . . . is
> frivolous, malicious, or fails to state a claim upon which relief
> may be granted.

The AC names as individual defendants state-court judge Adam Mow; Salt Lake City

police officer Wendy Willis; and Salt Lake County prosecutor Jennifer Zeleny; and as

governmental-entity defendants Salt Lake County; State of Utah; and Third District Court.[1] (ECF No. 16.) Plaintiff alleges he was originally charged in 2018 with a third-degree felony, which "was dismissed [without prejudice] at preliminary hearing . . . for no show of witness[] . . . Willis . . . of Salt Lake City Police to testify to probable cause of arrest . . . report of 02/22/2018." (*Id.*) Plaintiff further contends the case was "refiled . . . as a 2nd degree on same case based probable cause of arrest never has had no evidence no camera audio or video and still not dismissed when it's required." [Sic] (*Id.*) He also asserts "they found me guilty after jury deadlocked by using the prosecutor's false testimony." (*Id.*)

Against specific defendants, Plaintiff alleges (a) Defendant Mow "unlawfully convict[ed]" Plaintiff; (b) Defendant Willis did not show up to court to testify at the first preliminary hearing, rendering the probable cause statement inadmissible, and testified at trial in contradiction of "the probable cause of arrest statement"; and (c) Defendant Zeleny "unlawfully obtain[ed] a conviction . . . by violating court rules of evidence."  (*Id.*) The requested relief is "immediate release . . . with due compensation for illegal sentence by . . . unlawfully obtaining a conviction by false testimony to jury by prosecutor . . . Zeleny." (*Id.*)

The Court now dismisses the AC.

## ANALYSIS

### A. Standards of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary

---

[1] Third District Court is not a governmental entity that can sue and be sued, and so will not be considered further. *See Jenkins v. Fayette Cnty. Cir. Ct.*, No. 3:21-CV-434, 2022 U.S. Dist. LEXIS 29205, at *5 (S.D. Ill. Feb. 15, 2022).

relief against an immune defendant. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2023). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff proceeds *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a cause of action under § 1983, Plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

### B. *Heck*

The Supreme Court said in *Heck* "that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge

3

their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights during state criminal trial proceedings. These arguments attack Plaintiff's underlying conviction. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it would. If this Court were to conclude that Plaintiff's constitutional rights were violated in the prejudicial ways alleged by Plaintiff, it would be stating that Plaintiff's conviction and sentence were not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Instead, the opposite has happened; the conviction has been upheld at every turn. *See Williamson v. Utah Dep't of Corr.*, No. 4:20-CV-95-DN (D. Utah July 11, 2023) (denying federal habeas relief regarding Plaintiff's conviction); *State v. Williamson*, No. 20190511-CA (Utah App. Sept. 17, 2020) (affirming conviction on direct appeal), *cert. denied*, No. 20200703, 2020 Utah LEXIS 217 (Utah Nov. 24, 2020). The Court must thus dismiss Plaintiff's claims for money damages.

### C. Requested Habeas Remedy

Plaintiff's requests to have his conviction invalidated, and for release from imprisonment, may be properly raised only in a habeas-corpus petition in a different case. *See Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or

4

duration of his confinement and seeks immediate or speedier release."); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding habeas corpus is sole federal remedy when state prisoner seeks any relief that "would necessarily demonstrate the invalidity of confinement or its duration"); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." (emphasis added)). These requests for injunctive relief are thus denied here.

### D. Judicial Immunity--Alternative Basis for Dismissal of Defendant Mow

The AC alleges Defendant Mow violated Plaintiff's civil rights by "unlawfully convict[ing]" Plaintiff. It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). In this case, the judge was acting in a judicial capacity, so those actions are entitled to absolute immunity. *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008) (unpublished).

### E. Witness Immunity--Alternative Basis for Dismissal of Defendant Willis

Plaintiff alleges that Defendant Willis violated his civil rights by testifying at trial in contradiction of "the probable cause of arrest statement." (*Id.*) But "'witnesses enjoy absolute immunity' from civil liability for actions taken in th[at] role[]." *Quintana v. Waters*, 769 F. App'x 648, 649 (10th Cir. 2019) (unpublished) (quoting *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1190 (10th Cir. 2008)). Defendant Willis is thus immune from Plaintiff's claims.

**F. Prosecutorial Immunity--Alternative Basis for Dismissal of Defendant Zeleny**

The AC further asserts claims of unconstitutional behavior by Defendant Zeleny in seeking Plaintiff's criminal conviction.

"State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (emphasis, ellipsis, and internal quotation marks omitted). Prosecutors command this immunity even at times when a "genuinely wronged defendant" may be left "without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

Defendant Zeleny's acts, as alleged by Plaintiff, "were 'intimately associated with the judicial phase of the criminal process.'" *See Carbajal v. McCann*, 808 F. App'x 620, 631 (10th Cir. 2020) (unpublished) (one citation and set of quotation marks omitted) (quoting *Imbler*, 424 U.S. at 430). Zeleny is therefore entitled to absolute prosecutorial immunity as to Plaintiff's claim that Zeleny "unlawfully obtain[ed] a conviction." (ECF No. 16.)

**G. Alternative Bases for Dismissal of Defendants Salt Lake County and State of Utah**

**1. No affirmative links alleged**

The complaint must clearly state what Defendants did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242,

1250 (10th Cir. 2008)). Plaintiff's conclusory allegations without factual or legal specificity as to these governmental entities must therefore be dismissed.

### 2. Local government liability

To establish liability of local-government entities, such as Defendant Salt Lake County, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Local governmental entities may not be held liable under § 1983 based on the doctrine of *respondeat superior. See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has not established a direct causal link between his alleged injuries and any custom or policy of Defendant Salt Lake County. Thus, the Court concludes that Plaintiff's complaint, as it stands, fails to state claims against Salt Lake County.

### 3. Eleventh Amendment immunity

Eleventh Amendment sovereign immunity bars suits for money damages against states. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1213-14 (10th Cir. 2022); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (holding Eleventh Amendment shields State of Utah from claims alleging violations of § 1983). Defendant State of Utah is therefore not a viable defendant here.

**ORDER**

**IT IS ORDERED** that Plaintiff's Amended Complaint, (ECF No. 16), is **DISMISSED**

for failure to state a claim upon which relief may be granted.[2] *See* 28 U.S.C.S. § 1915(e)(2)(B)

(2023). Two iterations of the complaint, (ECF Nos. 5, 16), and a full round of comprehensive

guidance on curing deficiencies, (ECF No. 15), have not resulted in an improved pleading.

Neither liberal interpretation of Plaintiff's claims nor further opportunity to amend will lead to a

different result.

This action is **CLOSED**.

DATED this 24th day of November, 2023.

BY THE COURT:

CHIEF DISTRICT JUDGE ROBERT J. SHELBY
United States District Court

---

[2] Dismissal under *Heck* is without prejudice. *See Birch v. City of Atchison*, 840 F. App'x 365, 367 (10th Cir. 2021) (unpublished) (citing *Fottler v. United States*, 73 F.3d 1064, 1065, 66 (10th Cir. 1996)). Dismissals on the other bases here are with prejudice.